# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

CARL AND JANICE DUFFNER,

        Plaintiffs,

   v.

CITY OF ST. PETERS, a municipality and political subdivision of the State of Missouri,

        Defendant.

Case No. 4:16-cv-1971

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – CIVIL RIGHTS [42 U.S.C. § 1983]

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. The Plaintiffs in this case, Carl and Janice Duffner, have created a well-tended, beautiful flower garden that covers their entire yard.  None of the plants in the Duffners' garden are illegal, and their garden does not contain any grass because Janice is allergic to grass.

2. Although the Duffners' flower garden is perfectly harmless, as of the date that this Complaint is being filed Carl and Janice are subject to criminal fines of more than $180,000 and imprisonment for more than 20 years because their flower garden does not comply with St. Peters Code § 405.390(A)(4), an ordinance of St. Peters, Missouri, ("the City") which forces resident private property owners to devote at least half of their yards to the cultivation and maintenance of "turf grass."  This

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 1 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

ordinance will henceforth be referred to as "the Turf Grass Mandate."  St. Peters Code § 405.815, which provides the penalties for non-compliance with the Turf Grass Mandate, will be referred to as "the Penalty Provision."

3.     If the City is permitted to impose draconian fines and imprisonment simply because a citizen chooses to cultivate on their own private property lawful, harmless plants of their own choosing instead of a potentially harmful plant of the government's choosing, there is no longer any principled limit to the government's control over either the property or the owners.

4.     This civil rights lawsuit, brought pursuant to 42 U.S.C. § 1983, seeks primarily to preserve and to vindicate the Duffners' rights to use their private property in lawful, harmless ways of their own choosing, and to be free of excessive fines and cruel and unusual punishments; these are fundamental constitutional rights protected by the Eighth and Fourteenth Amendments to the U.S. Constitution, and also by Article I, sections 21, 26, and 28, of the Missouri Constitution.

### JURISDICTION AND VENUE

5.     The Duffners bring this civil rights lawsuit pursuant to the Eighth and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgments Act, 28 U.S.C. § 2201.  They seek (1) a declaratory judgment that the Turf Grass Mandate is unconstitutional, both on its face and as applied to them; (2) a declaratory judgment that the Penalty Provision is unconstitutional, as applied to them; (3) a declaratory judgment that the

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 2 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

Turf Grass Mandate exceeds the zoning authority granted the City under Missouri law; (4) preliminary and permanent injunctions preventing the City from enforcing the Turf Grass Mandate; (5) nominal damages; and (6) reasonable attorney fees.

6.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 (federal questions arising under the constitution and statutory laws of the United States), 1343 (an action brought to redress deprivations under color of state law of rights, privileges, and immunities secured by the U.S. Constitution and an action to secure equitable relief under an act of Congress providing for the protection of civil rights), 1367 (supplemental jurisdiction over claims related to those giving rise to original jurisdiction in U.S. District Court), and 2201 (authority to issue declaratory judgment).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Duffners' claims occurred in the City of St. Peters, Missouri.

8.     Venue is proper in the Eastern Division pursuant to Local Rule 3-2.07(1).

## PARTIES

9.     Plaintiffs Carl and Janice Duffner own and live in a residence located at 1 Fishers Hill Drive in St. Peters, Missouri.

10.    Defendant City of St. Peters, Missouri, is a municipality and a political subdivision of the State of Missouri.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971                    Page 3 of 33                    FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

<u>**ORDINANCES AT ISSUE**</u>

11.    St. Peters Code § 405.390(A)(4) is part of Chapter 405 of the St. Peters Code and was enacted by the St. Peters Board of Aldermen on October 23, 2008, by the adoption of Ordinance 5096; this provision was adopted under color of law.

12.    Section 405.390(A)(4) is entitled "Landscaping and Screening—Residential Districts." It reads:

"It shall be at the discretion of the individual property owners to landscape their lots; however, at any given time… [a]ll landscaping shall be properly maintained according to City ordinances presently in effect. ***A minimum of fifty percent (50%) of all yard areas shall be comprised of turf grass.*** Trees shall not be planted within six (6) feet of a property line in the side and rear yard. The individual owner shall be responsible for such maintenance." (emphasis added)

13.    The only portion of § 405.390(A)(4) at issue in this case is the single sentence emphasized above, in which the City requires that at least fifty percent of all residential yard areas must be planted with "turf grass."

14.    All efforts the City has made and will make to enforce the Turf Grass Mandate are done under color of law.

15.    Although the Duffners contend that the one highlighted sentence constituting the Turf Grass Mandate is facially unconstitutional, the Plaintiffs emphasize that in this case they ***do not*** contest the City's general authority to enact zoning ordinances in accordance with state statutes, nor do they contest the validity

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 4 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

of any law that might prohibit the cultivation or maintenance of plants in a manner that might constitute a nuisance or otherwise might negatively impact the public health and safety.

16.     The Turf Grass Mandate does not make any reference to "weeds" or otherwise prohibit property owners from having "weeds" on their property, nor have the Duffners been accused of violating any "weed" ordinance; "weeds" are not in any way at issue in this case.

17.     The Turf Grass Mandate does not prohibit private property owners from cultivating any particular species or category of plant in their yards; all of the flowers and decorative plants the Duffners are cultivating are perfectly lawful, so this case is not in any way about the cultivation of illegal plants.

18.     The Turf Grass Mandate does not limit the height of the required turf grass, nor does it limit the height of any other plant, nor have the Duffners been accused of violating any ordinance limiting the height of plants on their property; this case is not in any way about overgrown plants of any variety.

19.     The Turf Grass Mandate does not make any reference to "vermin" or otherwise prohibit property owners from having "vermin" on their property, nor have the Duffners been accused of harboring "vermin" on their property; "vermin" are not in any way at issue in this case.

20.     The City has no evidence that merely planting a certain percentage of a yard with either flowers or turf grass will have any predictable effect on the presence or prevalence of "vermin."

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971                Page 5 of 33                FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

21.     The Turf Grass Mandate does not state that failure to comply with the mandate creates a "nuisance."

22.     The City has no evidence that a well-maintained, weedless yard that contains plants other than turf grass should be considered a "nuisance."

23.     The Duffners have not been accused of maintaining a "nuisance" on their property, nor of violating any ordinance making it unlawful to maintain a "nuisance" on their property; this case is not in an way about the maintenance of a "nuisance" on private property.

24.     St. Peters Code § 405.815 was enacted by the St. Peters Board of Aldermen and states the penalties for violations of Chapter 405; this provision was adopted under color of law.

25.     Section 405.815 states that the penalties for violations of Chapter 405 are as follows:

"1. Except as provided in Subsection (4) of Section 89.120, RSMo., the owner or general agent of a building or premises where a violation of any provision of said regulations has been committed or shall exist… shall be guilty of a misdemeanor punishable by a fine of not less than ten dollars ($10.00) and not more than two hundred fifty dollars ($250.00) for each and every day that such violation continues or by imprisonment for ten (10) days for each and every day such violation shall continue or by both such fine and imprisonment in the discretion of the court.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 6 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

"Notwithstanding the provisions of Section 82.300, RSMo., however, for the second (2nd) and subsequent offenses involving the same violation at the same building or premises, the punishment shall be a fine of not less than one hundred dollars ($100.00) or more than five hundred dollars ($500.00) for each and every day that such violation shall continue or by imprisonment or ten (10) days for each and every day such violation shall continue or by both such fine and imprisonment in the discretion of the court.

"2. Any such person who having been served with an order to remove any such violation shall fail to comply with such order within ten (10) days after such service or shall continue to violate any provision of the regulations made under authority of Section 89.010 to 89.140, RSMo., in the respect named in such order shall also be subject to a civil penalty of two hundred fifty dollars ($250.00).

"3. Nothing herein contained shall prevent the City from taking such other lawful action as it deems necessary to prevent or remedy any violation."

26.    Upon information and belief, St. Peters Code § 405.815 prescribes the penalties the City is required to impose on the Duffners and any other of the City's residential property owners who do not comply with the Turf Grass Mandate.

27.    The Penalty Provision establishes a mandatory minimum daily fine for violations of the Turf Grass Mandate, and also grants a court discretion to impose

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 7 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

additional fines and imprisonment up to a set maximum daily penalty.  § 405.815.1.

28.     The Penalty Provision authorizes the imposition of a separate penalty for each day a person does not comply with the requirements of St. Peters Code Chapter 405 (which includes the Turf Grass Mandate) and it does not establish a statute of limitations to limit the City's ability to seek penalties for violations; the only limit to the extent of the fines and prison time that a citizen might face for refusing to comply with the Turf Grass Mandate is the number of days they have been out of compliance with the Turf Grass Mandate. *Id.*

29.     For example, if the first time an owner chose not to comply with the Turf Grass Mandate their non-compliance lasted for 365 days, they would face a minimum fine of $3,650, a maximum fine of $91,250, and up to ten years in prison; if theirs was a second or subsequent offense, after 365 days of noncompliance they could face a minimum fine of $36,500, a maximum fine of $182,500 and imprisonment for a term of ten years.

### FACTUAL BACKGROUND

30.     Carl and Janice Duffner own and live in a home located at 1 Fishers Hill Drive in St. Peters, Missouri; the City has zoned this property as R-1 Single Family Residential.

31.     Shortly after purchasing their property in 2002, Carl and Janice began converting their entire yard into a lush, well-tended garden full of flowers and ornamental greenery; this conversion was designed to stabilize a hill in their back yard, to deter erosion that had been resulting from water draining into their yard

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 8 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

from city property, and also to minimize Mrs. Duffner's allergic reactions from exposure to grass pollen.

32.    The Duffners' yard now comprises the landscaped hillside, mulched areas, various planting beds, two small ponds, pathways, and seating areas.

33.    The foliage is a mix of flowering plants and decorative greenery, including in many places ground cover that gives an appearance, height, and scale similar to grass, but the yard does not contain any turf grass.

34.    At some point prior to May 14, 2014, an unidentified person complained to the City that the Duffners did not have any turf grass in their yard; on May 14, 2014, Julie Powers, the City's Director of Planning, Economic and Community Development, notified the Duffners that failure to maintain turf grass on fifty percent of their yard would constitute noncompliance with the Turf Grass Mandate. *See* May 14, 2014, Letter From Julie Powers, Attached as Exhibit 1.

35.    On May 23, 2014, the Duffners submitted to the City an application requesting a variance that would completely exempt their property from the Turf Grass Mandate. *See* Duffner Application for Variance, Attached as Exhibit 2.

36.    In a sworn statement made to the St. Peters Board of Adjustment on June 18, 2014, Julie Powers stated as part of "the City's position" in regard to the Duffners' request for a total exemption from the requirements of the Turf Grass Mandate that the Duffners' plants are "very attractive and well kept," and that "there is a lot of ground cover which is low to the ground and, therefore, gives an appearance, height, and scale that is similar to grass." A copy of the Minutes of the

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 9 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

June 18, 2014, St. Peters Board of Adjustment Hearing are attached as Plaintiffs' Exhibit 3.

37.     After a hearing before the St. Peters Board of Adjustment held on June 18, 2014, the Board of Adjustment decided not to grant the requested total variance the Duffners had requested, and instead purported to grant a variance that required the Duffners to plant at least five percent of their property with turf grass, and to locate that turf grass "in the front or in the side yard in front of the homeowner's fence."

38.     The Board of Adjustment issued Conclusions of Law justifying its decision to grant the variance, concluding that (1) the variance would not impair the supply of light or air to the adjacent properties; (2) the variance would not increase congestion in the public streets; (3) the variance would not impact the safety of the community; and (4) the variance would not impact the general health and welfare of the community. *See* Board of Adjustment Findings of Fact and Conclusions of Law, Attached as Exhibit 4.

39.     Julie Powers notified the Duffners that they were required to comply with the Turf Grass Mandate, as modified by the variance, no later than December 1, 2014. *See* July 1, 2014, Letter From Julie Powers, Attached as Exhibit 5.

40.     Because they believe the City has no constitutional or statutory authority to require them to cultivate and maintain on their private property a plant they do not want and that makes Janice sick, the Duffners did not comply with the Turf Grass Mandate by December 1, 2014, and as of the filing of this Complaint they

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 10 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

still have not planted any turf grass in their yard.

41.    The Duffners love their yard as it is, full of well-tended flowers and ornamental greenery; both for aesthetic and financial reasons, as well as for reasons of Janice's physical comfort, they have no desire to plant any turf grass in it.

42.    Maintaining turf grass in residential yards is bad for the environment because it wastes water to grow the turf grass, can lead property owners to introduce large quantities of polluting chemicals in the form of herbicides and pesticides, can lead to increased levels of greenhouse gasses, and frequently leads to increased consumption of fossil fuels due to the requirement that grass must be kept below a certain height.

43.    In recognition of the negative environmental effects of grass yards, the trend among cities all over the nation has been to limit the percentage of turf grass a property owner may maintain.

44.    In addition to the negative environmental consequences of grass yards, maintaining turf grass requires the property owner either to exert physical labor or to pay for someone else to perform that labor. The Duffners do not wish to devote physical labor or financial resources to maintaining a plant they do not want on their private property.

45.    Among the bundle of rights historically associated with private property ownership are the owner's right to use their property in any lawful and harmless way and to refrain from using their property in any way the owner finds disadvantageous.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 11 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

46. By requiring Carl and Janice to destroy part of their harmless, lawful flower garden and replace it with turf grass, the City has usurped for itself fundamental rights that belong to private property owners.

47. Upon information and belief, the City has no evidence that the Duffners' choice to use their private property as a flower garden has diminished the value of any identifiable other person's private property.

48. Upon information and belief, the City has no evidence that planting at least fifty percent of the Duffners' private property with turf grass would appreciably increase the value of any other identifiable person's private property.

49. Upon information and belief, the City has no evidence that planting at least five percent of the Duffners' private property with turf grass would appreciably increase the value of any other identifiable person's private property.

50. Upon information and belief, Carl and Janice are subject to penalties required under § 405.815 because they did not bring their property into compliance with the Turf Grass Mandate as of December 1, 2014, as instructed by the City.

51. On October 18, 2016, the City sent another warning letter to the Duffners, commanding them to comply with the Turf Grass Mandate by December 16, 2016, and stating that if they did not, they would be issued a summons. A copy of this October 18, 2016 Letter is attached as Exhibit 6.

52. The Penalty Provisions are mandatory, not discretionary.

53. Furthermore, if the City contends that it does not intend to apply the Penalty Provisions against the Duffners for their noncompliance with the Turf Grass

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 12 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

Mandate, this would acknowledge that the Turf Grass Mandate is so devoid of any legitimate public purpose that it need not be enforced.

54. Upon information and belief, no appellate court in the nation has ruled that the government may force all owners of private residential property in a specified jurisdiction to dedicate an arbitrary percentage of their private residential property to the cultivation and maintenance of a plant the property owners may not want.

55. The Turf Grass Mandate is a purely irrational effort by the City to force private property owners to use that private property in a way of the City's choosing, rather than a way of the owners' choosing.

56. The City cannot lawfully intrude onto the Duffners' property, tear out their flower garden, and replace it with turf grass, so the City is attempting to impose draconian penalties that will compel the Duffners—against their will—to do what the City is powerless to do directly.

57. If the City has the power to impose the Turf Grass Mandate, there is no principled reason that the City could not impose other mandates on its citizens, such as compelling them to devote a certain portion of their property to the installation and maintenance of a swimming pool, or compelling them to put up decorative lights of the government's choosing during the holiday season each year.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 13 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>

**Deprivation of Fundamental Right to Use Private Property
in Harmless, lawful manners of the Owner's Choosing and of Fundamental
Right to Exclude Unwanted Persons from Private Property
(42 U.S.C. § 1983; U.S. Const. Amend. XIV; Mo. Const. Art. I, § 10)**

58.     The Fourteenth Amendment of the U.S. Constitution precludes any State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1; *see also* Mo. Const. Art. I, § 10.

59.     The property rights Carl and Janice are asserting are deeply embedded in the English and American legal traditions; even before the founding of the American republic courts recognized that "a person's right to property included 'the free use, enjoyment, and disposal of all his acquisitions." *See* 1 W. Blackstone, *Commentaries on the Laws of England* 125 (1769).

60.     Shortly after the ratification of the U.S. Constitution and the Bill of Rights, which expressly protects citizens' right to property, James Madison observed that the protection of private property is one of the reasons people institute governments and that, having established constitutional safeguards against the direct taking of private property, the United States should also not allow government *indirectly* to deprive citizens of their property rights. *See* James Madison, "Property" (1792), in 6 *The Writings of James Madison* 103 (G. Hunt ed. 1906).

61.     Courts in Missouri and all over the country have long recognized that the right to own, possess, and make harmless, lawful use of private property is one of the fundamental constitutional rights that protects citizens against improper

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 14 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

government intrusion; a central aspect of citizens' property rights is the owner's authority to control the asset in question.

62.     The Missouri Supreme Court, in particular, has observed that the right to property includes "ownership and possession and also right to use in enjoyment for lawful purposes." *See Home Builders Ass'n of Greater St. Louis v. State*, 75 S.W.3d 267, 271 (Mo. banc 2002).

63.     In the instant case, the Defendant's Turf Grass Mandate usurps the Duffners' fundamental right to use their private property in a harmless, lawful manner of their own choosing.

64.     Nothing in Missouri law or St. Peters' ordinances make it unlawful for citizens to cultivate and maintain a flower garden on their property.

65.     The City has no evidence that any identifiable person has been, is being, or is likely to be harmed as a consequence of the Duffners' decision to cultivate and maintain a flower garden on their property.

66.     Although it is perfectly lawful for the Duffners to devote any given part of their entire yard to the cultivation and maintenance of a flower garden on their property, and although their decision to do so has not harmed, is not harming, and does not threaten to harm any identifiable person, the Turf Grass Mandate threatens the Duffners' fundamental right to put their private property to a harmless, lawful use.

67.     Instead, the Turf Grass Mandate requires Carl and Janice to cultivate and maintain on their private property a plant of the government's choosing even

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 15 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

though the presence of that plant will not promote the public health and safety and will negatively impact Janice's health and comfort.

68.     The Turf Grass Mandate infringes upon the Plaintiffs' fundamental property rights, protected under the Fourteenth Amendment of the U.S. Constitution.

69.     A law that infringes upon a fundamental right is subject to strict scrutiny.

70.     The Turf Grass Mandate is not supported by any compelling government interest and it is not narrowly tailored to burden citizens' fundamental property rights only so much as is reasonably necessary to accomplish a compelling government interest.

71.     Governmental interference with a fundamental right may be sustained only upon a showing that the legislation is closely tailored to serve an important governmental interest.

72.     Furthermore, the Turf Grass Mandate is facially unconstitutional under *any* standard of scrutiny because it is unreasonable, arbitrary, and unnecessary for the advancement of any compelling or permissible state objective; in short, the Turf Grass Mandate is "truly irrational."

73.     As the Board of Adjustment acknowledged in its Conclusions of Law regarding the Duffners' variance request, the amount (or absence) of turf grass in a residential yard does not affect the supply of light or air to adjacent properties, does not increase congestion in the public streets, does not impact the safety of the

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 16 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

community, and does not impact the general health and welfare of the community.

74.    The Turf Grass Mandate is truly irrational primarily, but not exclusively, because it requires residential property owners to use their property and involuntarily to apply their labor for the cultivation and maintenance of a governmentally-selected type of plant even though the presence or absence of that plant will not impact the safety, general health, or welfare of the community.

75.    Unlike familiar municipal ordinances prohibiting noxious weeds or establishing a maximum height for grass, the Turf Grass Mandate does not prohibit a potentially harmful use of property.

76.    The Turf Grass Mandate merely requires owners of residential property in St. Peters to dedicate a specific, arbitrary percentage of their yard to the cultivation of a plant selected by the government.

77.    The Turf Grass Mandate is truly irrational primarily, but not exclusively, because the City has no evidence that the presence of turf grass in residential yards serves any compelling or permissible governmental objective, much less that planting a specific percentage of a yard with turf grass is necessary for accomplishing such a purpose.

78.    The government cannot assert any legitimate objective sufficient to justify imposing the Turf Grass Mandate, which forces citizens to plant and permanently maintain on their own private property plants of the government's selection, depriving those private property owners of their fundamental right to use their private property in harmless, lawful manners of the property owner's own

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 17 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

choosing.

79.     The Duffners contend that whatever interest the City might have in the "aesthetics" of residential properties, those interests alone cannot be sufficient justification for depriving private property owners of their constitutionally protected right to use their private property in a harmless, lawful way.

80.     The City cannot legitimately assert an interest in maintaining certain aesthetic uniformity because nothing in the Turf Grass Mandate dictates that private property owners must plant the required grass in a place visible to the public; many property owners could comply with the mandate without planting any grass in a place visible to the public.

81.     Thus, the Duffners contend that because the Turf Grass Mandate does not specify where on property turf grass must be maintained, the Turf Grass Mandate cannot serve whatever aesthetic interest the City might have in requiring private property owners to plant at least half of their property with turf grass.

82.     In the alternative, the Turf Grass Mandate violates the fundamental right to exclude unwanted persons or things from their private property.

83.     By enacting the Turf Grass Mandate, the City has assumed permanent control over how the City's private property owners will use at least half of their yard space, requiring the owners to submit to the permanent physical occupation of a large part of their property by unwelcome, health-destructive plants.

84.     The constitutionally-protected right to private property includes "the exclusive possession ***and control*** of [the owned] property, and the right to devote it

Complaint
*Duffner v. City of St. Peters*                    Page 18 of 33
Case No. 4:16-cv-1971

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

to such lawful uses as will subserve" the owner's interests. *See City of Fredricktown v. Osborn*, 429 S.W.2d 17, 22 (Mo. App. 1968).

85.    The Turf Grass Mandate not only deprives property owners of choice as to what they will grow on at least half of their private property, it imposes a permanent obligation on the owner to cultivate and maintain that unwanted physical presence on their property for no reason other than that the government commands it.

86.    That the government has, by fiat, required property owners not only to accept on their private property an unwanted physical presence, but to cultivate and maintain that physical presence, unjustifiably denies the property owners their fundamental right to exclude unwanted persons or things from their private property.

87.    It would plainly be a violation of citizens' property rights for the government to come onto private property, forcibly tear out harmless, lawfully-grown flowers and replace them with turf grass, so the City cannot avoid the violation by forcing its residents, on pain of extraordinary fines and jail time, to do what the City could not lawfully do itself.

88.    If the City has the power to force property owners to devote a certain percentage of their property to the cultivation and maintenance of a government-designated plant, there is no principled limit to the government's power to dictate what property owners must put or maintain on their property.

89.    The City's position regarding property rights is that citizens have no

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 19 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

constitutional protection if a government passed a law requiring them to cover a specified percentage of their house with holiday lights every December.

90.     The City's position regarding property rights is that citizens would have no constitutional protection if the City passed a law requiring them to put up and maintain around their yard a fence of a government-designated design.

91.     The City's position regarding property rights is that citizens would have no constitutional protection if the City passed a law requiring them to install and maintain a swimming pool that covered a certain percentage of the yard.

92.     The Duffners contend that if constitutional protection for citizens' property rights is to have any significance, those rights must create an articulable limit on the extent to which government may interfere with a citizen's choices regarding the use of their private property; the Turf Grass Mandate defies any such articulable limit.

93.     The Turf Grass Mandate threatens to impose significant and irreparable harm on the Plaintiffs, including the loss of their constitutional rights, monetary damages, and physical discomfort in the form of Mrs. Duffner's sensitivity to grass pollen.

94.     Unless this Court declares the Turf Grass Mandate unconstitutional on its face and enjoins the Defendant from enforcing the Turf Grass Mandate, the Plaintiffs will suffer great and irreparable harm.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 20 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

# COUNT II

## Violation of Prohibition Against
## Excessive Fines and Cruel and Unusual Punishment
## (42 U.S.C. § 1983; U.S. Const. Amend. VIII; Mo. Const. Art. I, § 21)

95.     The Plaintiff incorporates by reference all of the preceding paragraphs in this Complaint as if fully set forth herein.

96.     The Eighth Amendment to the U.S. Constitution (made applicable to state and local governments through the Fourteenth Amendment) and Article I, § 21 of the Missouri Constitution forbid state and local governments from imposing excessive fines or inflicting cruel and unusual punishments.

97.     A penalty violates the Excessive Fines Clause of the Eighth Amendment if it is "grossly disproportional" to the gravity of the offense.

98.     The fines authorized by the Penalty Provisions are imposed as punishment upon individuals who have violated Chapter 405 of the St. Peters Code.

99.     The City has no evidence that a citizen's decision to plant flowers and decorative greenery on their private property rather than turf grass causes any quantifiable harm to others.

100.    The City has no evidence that a citizen's decision to plant flowers on their private property rather than turf grass defrauds the City or takes money out of the public treasury.

101.    The City has no evidence that a citizen's decision to plant flowers on their private property rather than turf grass indicates that the person making this choice has a depraved mind or is in any cognizable sense a threat to the health or safety of

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 21 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

the community.

102.   The liability for fines and prison time authorized by § 405.815 continue to accumulate each day the owner is out of compliance and the ordinance establishes no limit on the fines and prison time that may accumulate if a property owner remains out of compliance with one of the provisions of Chapter 405, including the Turf Grass Mandate.

103.   The City has not asserted that the Duffners' decision not to comply with the Turf Grass Mandate implicates any other "illegal" activities.

104.   The Duffners are senior citizens; any fines they are forced to pay would severely impact their livelihood and imprisonment of any length of time would be extremely hard on them.

105.   As of the filing of this Complaint, Carl and Janice have been out of compliance with the Turf Grass Mandate for each of the 749 days since the December 1, 2014, deadline the City gave them for compliance.

106.   Consequently, pursuant to the Penalty Provisions, Carl and Janice are facing a minimum penalty of $7,490 and a maximum penalty of $187,250 **and** 7,490 days (20 years, 190 days) in prison because they have chosen to grow flowers rather than a government-mandated plant that makes Janice sick.

107.   Even the minimum penalty the Duffners are facing is grossly disproportionate to an "offense" that poses no significant risk to the public health and safety, but the maximum penalty is "truly irrational" and plainly excessive.

108.   Likewise,   the   penalties   required   under   §   405.815   are   so   grossly

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 22 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

disproportionate to the "offense" that they must be considered "cruel and unusual."

109.   Unless this Court declares § 405.815 unconstitutional as it is threatened to be applied to the Duffners and enjoins the Defendant from enforcing § 405.815 in relation to violations of the Turf Grass Mandate, the Plaintiffs will suffer great and irreparable harm.

## COUNT III

### Taking of Private Property for Private Use and
### Exceeding Proper Scope of Police Power
### (Mo. Const. Art. I, § 28)

110.   The Plaintiffs incorporate and reallege the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

111.   Article I, § 28 of the Missouri Constitution provides: "That private property shall not be taken for private use with or without compensation… and that when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard to any legislative declaration that the use is public."

112.   To the extent that the City might try to claim that the Turf Grass Mandate is intended to subsidize residential private property values, residential property values are a matter of private interest, not a "public use."

113.   Thus, a government taking of private property rights exclusively for the purpose of subsidizing the value of private property is prohibited by Article I, § 28 of the Missouri Constitution.

114.   Under the plain terms of Article I, § 28 of the Missouri Constitution, not even

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 23 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

the police power can justify a taking of private property if the taking is intended to benefit private interests rather than the public as a whole.

115.   The City has no evidence that the general public will realize any concrete, specific benefit from requiring owners of residential property to devote at least half of their property to the cultivation and maintenance of turf grass.

116.   Unless this Court declares the Turf Grass Mandate an unconstitutional taking of private property for private purposes and enjoins the Defendant from enforcing the Turf Grass Mandate, the Plaintiffs will suffer great and irreparable harm.

## COUNT IV

**Taking or Damaging Private Property for Public Use
Without Just Compensation
(Mo. Const. Art. I, § 26)**

117.   The Plaintiffs incorporate and reallege the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

118.   Article I, § 26 of the Missouri Constitution states in relevant part "That private property shall not be taken or damaged for public use without compensation."

119.   Historically, this provision was understood to protect property owners such as the Duffners against government restrictions on the use of their property unless those restrictions had an identifiable connection to protecting the public health and safety.

120.   The Missouri Supreme Court interpreted the language now comprising Article

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971                     Page 24 of 33                     FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

I, § 26 of the Missouri Constitution to limit the government's power to destroy or subvert a property owner's "unrestricted right of use, enjoyment, and disposal of" their property, even if "there be no actual or physical invasion" of that property. *See, e.g., City of St. Louis v. Hill*, 22 S.W. 861, 862 (Mo. 1893) (striking down a "boulevard law" because it deprived property owners of due process and subjected them to takings of property without compensation).

121.   Historically, to the extent that the Missouri Constitution did permit government to restrict a citizen's use and enjoyment of their own private property, the Missouri Supreme Court held that the constitution required the government to compensate the property owner for the infringement on their rights. *See, e.g., City of Kansas City v. Liebi*, 252 S.W. 404 (Mo. banc 1923) (finding constitutional a "boulevard law" that provided for the compensation of property owners negatively affected by its provisions).

122.   Missouri's constitutional text protecting property rights against uncompensated takings for public use has not changed in any significant way since the people of Missouri adopted it in 1875. *Compare* Mo. Const. 1875 Art. II, § 21 *with* Mo. Const. Art. I, § 26.

123.   The meaning of constitutional guarantees never varies unless the people themselves alter the wording of the relevant constitutional provisions.

124.   Yet as time has passed Missouri courts have tended to disregard citizens' constitutionally-protected property rights in favor of allowing government to impose any restriction it likes on the use of private property whether or not the government

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 25 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

provides any compensation.

125.   This diminution of respect for the explicitly-stated constitutional protections for citizens' property rights has been claimed to be justified by judicial expansion of government's "police power," which is not defined or given clear scope in the Missouri Constitution.

126.   Although the government's police power may be broad, the exercise of the police power cannot be made a cloak under which to overthrow or disregard constitutional rights; it cannot be that the passage of time has so enlarged the courts' conception of the police power that local governments may invoke that power to compel unwilling citizens to dedicate a government-designated percentage of their private property to the cultivation and maintenance of a government-designated plant that the property owner does not want.

127.   To be clear, the Duffners are arguing that Article I, § 26 of the Missouri Constitution does not authorize the damaging of the Duffners' private property rights *at all*, and their requested remedy is the invalidation of the Turf Grass Mandate, *not* compensation for the loss of their property rights.

128.   In the alternative, however, if the Court determines that the police power does justify local government's efforts to force private property owners to cultivate and maintain unwanted plants on their property, the Duffners seek a judicial declaration that Article I, § 26 of the Missouri Constitution requires the government to pay a private property owner subject to a regulatory taking just compensation for the loss of control over what they own.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 26 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

129.   The Duffners specifically assert that the Missouri Constitution's protections for the rights of private property owners are more extensive than those provided under the Fourteenth Amendment to the U.S. Constitution.

130.   Furthermore, the Duffners assert that however extensive the police power might be, it does not authorize governments to force private property owners to devote half of their property and to expend their own labor and/or resources to cultivate and maintain a plant that they do not want, that has no bearing on the health or safety of the public at large, and that makes the private property owner sick.

131.   To the extent that Missouri courts' interpretation and application of constitutional protections for the rights of private property owners have changed in the time since those provisions were last altered by the people of Missouri, the Duffners explicitly seek to preserve for Missouri Supreme Court review two questions: (1) whether the more recent interpretation and application of those constitutional protections are inconsistent with the people's intentions when they adopted those constitutional protections, and (2) if the more recent interpretation and application of those constitutional protections is inconsistent with the people's intentions when they adopted those constitutional protections, whether courts must alter the standard under which they review government infringements on the rights of private property owners.

132.   Because the City has taken or damaged the Duffners' property for reasons not justified under the police power or, in the alternative, because the City has not

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 27 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

compensated the Duffners for the loss of their right to determine what plants they will grow on their property, the City has violated Article I, § 26 of the Missouri Constitution and the Turf Grass Mandate must be declared violative of the Missouri Constitution.

## COUNT V

### Exceeding Statutory Zoning Power
### (§§ 89.020, 89.040, RSMo.)

133.  The Plaintiffs incorporate and reallege the allegations contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

134.  Missouri municipalities derive their zoning powers from state statutes; municipal zoning ordinances must conform to the terms of the delegation by the state and local governments may not by ordinance broaden the power delegated by statute.

135.  The Missouri statute authorizing local governments to enact zoning laws empowers the passage of local ordinances "to regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of the lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, the preservation of features of historical significance, and the location and use of buildings, structures and land for trade, industry, residence or other purposes." § 89.020, RSMo.

136.  Although this statute allows local governments to impose certain restrictions on uses of property, it does not authorize a Turf Grass Mandate such as the one at issue in this case, which forces property owners to dedicate a specified, arbitrary percentage of their property to the cultivation of a plant of the government's

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 28 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

choosing.

137.   The Duffners contend that because the Turf Grass Mandate does not regulate or restrict disfavored uses of property, but rather affirmatively forces owners, against their will and in the face of draconian fines and imprisonment, to use their private property in a government-designated way, it cannot properly be considered a "zoning" law at all.

138.   Missouri law further clarifies the essential purposes for which zoning laws may be enacted, stating: "Such regulations shall be… designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to preserve features of historical significance; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements." § 89.040, RSMo.

139.   The City has no evidence that the Turf Grass Mandate lessens congestion in the streets.

140.   The City has no evidence that the Turf Grass Mandate helps to avoid fire, panic, or other dangers.

141.   The City has no evidence that the Turf Grass Mandate promotes health and the general welfare.

142.   The City has no evidence that the Turf Grass Mandate provides "adequate light and air."

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 29 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

143. The City has no evidence that the Turf Grass Mandate helps to avoid the overcrowding of land.

144. The City has no evidence that the Turf Grass Mandate helps to avoid undue concentration of population.

145. The City has no evidence that the Turf Grass Mandate helps to preserve features of historical significance.

146. The City has no evidence that the Turf Grass Mandate facilitates the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements.

147. Thus, the Turf Grass Mandate does not serve any of the purposes for which the General Assembly authorized local governments to implement zoning laws.

148. The City's general zoning ordinance was adopted on May 11, 1989.

149. To the extent that the City's general zoning ordinance makes broad statements about the basic purposes of zoning laws, those statements cannot be relied upon to establish the justification of a specific "zoning" law passed nearly thirty years later.

150. By the City's logic, it could require private property owners to comply with almost any sort of mandate regarding the use of their property—no matter how disconnected it might be from any legitimate relationship to public health or safety or the limits of §§ 89.020 and 89.040, RSMo.—and simply by labeling the mandate a "zoning law" the City could avoid any serious judicial scrutiny of the mandate.

151. Because the Turf Grass Mandate exceeds the zoning authority the General

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 30 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

Assembly granted to the Defendant under § 89.020, RSMo., and because the Turf Grass Mandate is not designed to further any of the purposes for which the General Assembly has authorized the implementation of zoning ordinances, the Turf Grass Mandate is not a lawful exercise of the Defendant's zoning powers and is therefore void.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court:

A. Enter a judgment declaring that the Turf Grass Mandate contained in St. Peters Code § 405.390(A)(4) is unconstitutional on its face and as applied to the Duffners because it unjustifiably violates citizens' right to use their private property in lawful, harmless ways of their own choosing, which is a fundamental right protected under the Fourteenth Amendment to the U.S. Constitution;

B. Enter a judgment declaring that the Penalty Provisions contained in St. Peters Code § 405.815 may not constitutionally be applied to persons, such as the Duffners, who choose not comply with the Turf Grass Mandate, because such an application would violate the prohibitions on Excessive Fines and Cruel and Unusual Punishment under the Eighth Amendment to the U.S. Constitution (as applied to state and local governments through the Fourteenth Amendment) and Article 1, § 21 of the Missouri Constitution;

C. Enter a judgment declaring that the Turf Grass Mandate contained in St.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 31 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

Peters Code § 405.390(A)(4) takes private property for a private use, thereby violating Article I, § 28 of the Missouri Constitution;

D. Enter a judgment declaring that the Turf Grass Mandate contained in St. Peters Code § 405.390(A)(4) unjustifiably damages the Plaintiffs' property for a public use without compensating them, thereby violating Article I, § 26 of the Missouri Constitution;

E. Enter a judgment declaring that §§ 89.020 and 89.040, RSMo., do not authorize the Defendant's adoption or enforcement of the Turf Grass Mandate contained in St. Peters Code § 405.390(A)(4);

F. Enter preliminary and permanent injunctions prohibiting the Defendant from enforcing the Turf Grass Mandate contained in St. Peters Code § 405.390(A)(4) against the Plaintiffs or any other owner of residential property in St. Peters;

G. Enter preliminary and permanent injunctions prohibiting the Defendant from imposing or enforcing against the Duffners the Penalty Provisions contained in St. Peters Code § 405.815 on account of their noncompliance with the Turf Grass Mandate;

H. Award nominal damages;

I. Award costs of this lawsuit, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and

J. Enter all further legal and equitable relief that the Court may deem just and proper.

Complaint
*Duffner v. City of St. Peters*
Case No. 4:16-cv-1971

Page 32 of 33

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307

1

2

3

4   Dated this 19th day of December, 2016.          Respectfully submitted,

5

6                                                   *David Roland*

7                                                   _____
                                                    DAVID E. ROLAND, #60548MO
8                                                   FREEDOM CENTER OF MISSOURI
                                                    14779 Audrain Road 815
9                                                   Mexico, Missouri 65265
                                                    Phone:    (573) 567-0307
10                                                  Fax:      (573) 562-6122

11                                                  **ATTORNEY FOR PLAINTIFFS**

12

13

14

15

16

17

18

19

20

21

22

23

24

Complaint
*Duffner v. City of St. Peters*                 Page 33 of 33
Case No. 4:16-cv-1971

FREEDOM CENTER OF MISSOURI
14779 Audrain Road 815
Mexico, Missouri 65265
(573) 567-0307